[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14080
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00028-WTH-GRJ-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMEL JOHNSON,
a.k.a. Mel,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 1, 2018)


Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jamel Johnson appeals his 121-month sentence, imposed at the low end of his guideline range, after he pleaded guilty to sex trafficking of a minor.  On appeal, Johnson argues that his sentence was both procedurally and substantively unreasonable because the court erred in finding that Johnson's conduct constituted a pattern of activity involving prohibited sexual conduct, under U.S.S.G. § 4B1.5(b)  and because the court failed to consider the additional consequences of sex offender registration.  After a careful review of the briefs and the record, we affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, using a two-part process: first, ensuring that the court did not commit a significant procedural error, and second, ensuring that the sentence is substantively reasonable.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  With respect to guidelines issues, we review legal questions de novo, factual findings for clear error, and, "in most cases, a district court's application of the guidelines to the facts with due deference."  *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1136–37 (11th Cir. 2004) (internal quotation marks omitted).

The court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's

future criminal conduct.  18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, and the pertinent policy statements of the Sentencing Commission.  *Id.* § 3553(a)(1), (3)– (5).  The weight given to any specific of the § 3553(a) factors is committed to the "sound discretion of the district court."  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  And, the court may give greater weight to one factor over others. *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014).

Johnson's sentences are both procedurally and substantively reasonable.  No significant procedural error exists unless the court calculates the guideline range incorrectly, fails to consider the § 3553(a) factors, bases the sentence on clearly erroneous facts, neglects to explain the sentence, or treats the guidelines as mandatory rather than advisory.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  The court is afforded due deference in how it applied the guidelines to the facts of the case— Johnson's prostitution of the minor on at least four occasions—and because the court's decision was not based on clearly erroneous facts, it did not abuse its discretion in applying the § 4B1.5(b)(1) enhancement.  *See Rodriguez-Lopez*, 363 F.3d at 1136–37.  Consequently, the sentence is not procedurally unreasonable.

As it relates to substantive reasonableness, we will reverse only if "left with the definite and firm conviction that the district court committed a clear error of

3

judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation mark omitted). Additionally, while we do not presume a sentence within the guideline range to be reasonable, we ordinarily expect it to be. *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). In imposing Johnson's low-end-of-the-guideline-range sentence, the court considered mitigating factors and provided sufficiently compelling reasons to justify the sentence. The court specifically listed three § 3553(a) factors that it focused on: the seriousness of the offense, establishing respect for the law, and accomplishing adequate deterrence. It also considered mitigating factors, such as Johnson's age, lack of prior convictions, and his role in the offense. As such, we cannot say that the 121-month sentence is substantively unreasonable.

**AFFIRMED.**